FILED
U.S. DISTRICT COURT
2009 APR 27 AM 10: 30
CLERK R. [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THEOWANDA LAMB,

    Plaintiff,

vs.

STEVE UPTON; DANE DASHER;
JOHNNY KENNEDY; LARRY
WAGNER; JAMES DONALD; TOM
SITTNICK; SHEVANDAH FIELDS;
R. REARDON; and JOHNNY SMITH,

    Defendants.

CIVIL ACTION NO.: CV608-093

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends he and another inmate were accused falsely of attempting to escape by Defendants Wagner, Upton, and Dasher. Plaintiff alleges that Defendant Miller was ordered to lock down Plaintiff in a dorm unit. Plaintiff asserts a disciplinary report was written against him and that he had a disciplinary hearing concerning these charges. Plaintiff alleges Defendant Reardon was his advocate at this hearing, and Defendant Reardon did not think Plaintiff's constitutional rights were violated. Plaintiff asserts he filed an appeal with Defendant Sittnick and Fields. Plaintiff contends Defendant Fields expunged two (2) of the charges against him but not the final one and that Defendant Sittnick failed to investigate his appeal. Plaintiff also contends that

Defendant Fields expunged all of the charges against his fellow inmate, even though the evidence against both of them was the same.

Plaintiff fails to show that Defendants Wagner, Upton, Miller, Reardon, Sittnick, or Fields violated his constitutional rights, or that Defendant Dasher's alleged false accusations violated his constitutional rights. A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). As Plaintiff has not made this showing, his claims against Defendants Wagner, Upton, Miller, Reardon, Sittnick, and Fields should be dismissed. Plaintiff's claims against Defendant Dasher pertaining to the alleged false accusations should also be dismissed.

Plaintiff seeks to hold Defendants liable for monetary damages in their official capacities. A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff's claims for monetary damages against Defendants Kennedy and Dasher in their official capacities should be dismissed.

Plaintiff names James Donald, the former Commissioner of the Georgia Department of Corrections, as a Defendant, but Plaintiff makes no factual allegations against Defendant Donald. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his claims against Defendant Donald should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Wagner, Upton, Miller, Reardon, Sittnick, Fields, and Donald be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendant Dasher pertaining to making alleged false accusations be **DISMISSED**. It is my further **RECOMMENDATION** that Plaintiff's monetary damages claims against Defendants Kennedy and Dasher in their official capacities be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE